## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JUDITH A. PACK,**

      **Plaintiff,**

**v.**                                       **Case No.: 8:07-CV-1562-T-27EAJ**

**UNIFUND CCR PARTNERS, G.P.,**
**CREDIT CARD RECEIVABLES FUND,**
**INC., ZB LIMITED PARTNERS;**
**POLLACK & ROSEN, P.A., and**
**JONATHAN R. SINGER, ESQ.,**
**individually,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the court are **Defendants Pollack & Rosen, P.A. and Jonathan Singer's Motion to Dismiss Plaintiff's Amended Complaint or, In the Alternative, Motion for Summary Judgment** (Dkt. 12), **Defendants', Unifund, CCRF and ZB, Motion to Dismiss Plaintiff's Amended Complaint or, In the Alternative, Motion for Summary Judgment** (Dkt. 13), Plaintiff's **Response** (Dkt. 16), and Defendants' **Reply** (Dkt. 20).[1] These matters were referred to the undersigned for consideration and the issuance of a Report and Recommendation.  <u>See</u> Dkt. 19, 28 U.S.C. § 636(b)(1)(A), Local Rules 6.01(b) and 6.01(c), M.D. Fla.  The undersigned recommends that Defendants' motions be granted for the reasons set forth herein.

## I.    Background

Plaintiff sues Defendants for violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, <u>et seq.</u> (Count I), and the Florida Consumer Collection Practices Act ("FCCPA"),

---

[1] The court granted Defendants leave to reply (Dkts. 18, 25). <u>See</u> Local Rule 3.01(c), M.D. Fla.

Fla. Stat. §§ 559.55-559.785 (Count II).  Plaintiff's three-count complaint also alleges a conspiracy

by Defendants to violate the FDCPA and the FCCPA (Count III).   All three claims are based on

Defendant Unifund CCR Partners, G.P.'s ("Unifund") filing of an August 16, 2006 lawsuit against

Plaintiff in the Hillsborough County Circuit Court seeking to collect a debt that Plaintiff allegedly

owed to Unifund.   Defendants Credit Card Receivables Fund, Inc. ("CCRF") and ZB Limited

Partners ("ZB") were not parties to the state court lawsuit but are alleged to be general partners of

Unifund.  Defendants Pollack & Rosen, P.A. ("Pollack") and Jonathan R. Singer, Esq. ("Singer")

represented Unifund in the state court lawsuit.  Unifund voluntarily dismissed the suit on May 7,

2007.

Specifically, Plaintiff alleges that in the state court lawsuit, Defendants misrepresented the

amount of the debt, the character of the debt, and the legal status of the debt. Plaintiff also claims

that Defendants sued her after the expiration of the applicable statute of limitations (Am. Compl. ¶¶

16-19).  According to Plaintiff, Defendants' actions violated 15 U.S.C. § 1692d, which prohibits the

use of harassment and abuse in connection with the collection of a debt; 15 U.S.C. § 1692e, which

prohibits the use of false or misleading representations in connection with the collection of a debt;

and 15 U.S.C. § 1692f, which prohibits the use of unfair and unconscionable means to collect a debt

(Am. Compl. ¶ 21).  Plaintiff further alleges that Unifund (and only Unifund) violated Fla. Stat. §

559.72(7), which prohibits a debt collector from engaging in harassing or abusive conduct, and Fla.

Stat. § 559.552, which applies the federal FDCPA to consumer collection practices in the State of

Florida (Am. Compl. ¶ 23).[2]  Finally, Plaintiff alleges that Defendants unlawfully conspired to

---

[2] Plaintiff's amended complaint also alleges that Unifund's conduct violated Fla. Stat. §
559.715, which requires that a creditor notify a consumer of the assignment of a debt within thirty
days of the assignment (Amended Compl. ¶ 23(c)).  However, Plaintiff withdraws this claim in her

collect a consumer debt (Am. Compl. ¶ 27).

Defendants move to dismiss on the grounds that Plaintiff fails to state a claim upon which relief may be granted or, in the alternative, that Defendants are entitled to summary judgment as a matter of law. Defendants submit that the filing of a lawsuit to collect an owed debt is not a violation of the FDCPA, the FCCPA, or a civil conspiracy. Defendants further contend that Plaintiff is not entitled to relief under the FCCPA because Defendants have immunity pursuant to Florida's litigation privilege.  Finally, Defendants argue that the filing of the state court lawsuit was not the performance of an unlawful act performed by unlawful means—a prerequisite to a conspiracy claim. Defendants offer an affidavit and evidence in support of their position that they are entitled to summary judgment as a matter of law.[3]

## II.    Standard of Review

Rule 12(d), Federal Rules of Civil Procedure, provides that if the court considers matters outside the pleadings on a motion to dismiss, the court must treat the motion as one for summary judgment pursuant to Rule 56 and allow the parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Both parties have submitted materials outside of the pleadings and have had a reasonable opportunity to do so. Because the court has considered this outside evidence, the court treats Defendants' motions as ones for summary judgment under Rule 56.  Further, the court finds that Plaintiff had adequate notice under Rule 56(c)

---

response, recognizing that the FCCPA does not provide a separate cause of action for a violation of this provision (Dkt. 16 at 3).

[3] Defendants also submit that CCRF and ZB should be dismissed as defendants because Plaintiff fails to allege that they violated the FDCPA or FCCPA and they are only general partners of Unifund (Dkt. 13 at 7).  The court finds it unnecessary to reach this issue as Defendants are entitled to summary judgment on all of Plaintiff's claims, as discussed _infra_.

because Defendants' motions seek summary judgment in the alternative and Plaintiff submitted

outside materials in response.  See Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985);

Milburn v. United States, 734 F.2d 762, 765-66 (11th Cir. 1984).

      Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). The moving party bears the burden of showing that there is no issue of material fact. Celotex

Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the movant has met this burden, the nonmoving

party must identify specific facts that raise a genuine issue for trial. Id.; Fed. R. Civ. P. 56(e).

      "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under

the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989)

(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord Tipton v. Bergrohr

GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992)). In considering a motion for summary

judgment,  the court must determine "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of

law." Seroka v. Am. Airlines, Inc., 834 F. Supp. 374, 376 (S.D. Ala. 1993) (citations omitted).

      The court must judge all evidence in the light most favorable to the nonmoving party, and

all justifiable inferences must be drawn in the nonmoving party's favor.  Fernandez v. Bankers Nat'l

Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990) (citations omitted). However, the evidence must

also be viewed within the scope of the evidentiary burden of the respective parties under the

substantive law of the case. Id. (citing Anderson, 477 U.S. at 248). If, under this standard, the

evidence can be considered  such that a reasonable jury could find for the nonmoving party, summary judgment is inappropriate. Id. (citing Celotex, 477 U.S. at 324).

**III.     Discussion**

Plaintiff complains of only four acts of conduct by Defendants in the underlying state court lawsuit as the basis for all three counts: (1) that Defendants misrepresented the amount of the debt owed by Plaintiff to Unifund; (2)  that Defendants misrepresented the character of the debt; (3) that Defendants misrepresented the legal status of the debt; and (4) that Defendants sued Plaintiff after the statute of limitations expired. (Am. Compl. ¶¶ 16-19).

**A.     Count I: FDCPA**

Plaintiff claims that Defendants' alleged conduct violated multiple sections of the FDCPA: 15 U.S.C. §§ 1692d, 1692e, and 1692f.  Section 1692d prohibits a debt collector from harassing, oppressing, or abusing any person in connection with the collection of a debt.  Section 1692e prohibits a debt collector from making false, deceptive, or misleading representations in connection with any debt collection, including the false representation of the amount, character, or legal status of any debt.  Section 1692f prohibits a debt collector from using unfair or unconscionable means to collect any debt, including fees incidental to the debt not otherwise authorized by the agreement that created the debt.

Defendants move for summary judgment on the grounds that Plaintiff fails to set forth the specific subsections of § 1692e and § 1692f that Defendants allegedly violated.  Further, Defendant argues that even when viewing all of the facts in the light most favorable to Plaintiff, her claims fail because no evidence exists that demonstrates any inaccuracy in the amount or character of Plaintiff's debt.  Finally, Defendants submit that the legal status of the debt is undisputed and the state court

lawsuit was timely under Florida law. Because there are no genuine issues of triable fact on any of the purported deficiencies in the underlying state court lawsuit, Plaintiff's FDCPA claims fail as a matter of law.

Defendants are entitled to summary judgment on Plaintiff's claim under § 1692d, which prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Listed in the statute are examples of abusive conduct, "including the use of violence or threats of violence, the use of obscene or profane language, the publishing of a list of debtors who have refused to pay a debt, the advertising for sale of a debt in order to coerce payment, and the making of harassing telephone calls." Gionis v. Javitch, Block & Rathbone, 405 F. Supp. 2d 856, 866 (S.D. Ohio 2005) (citing § 1692d).  Neither Plaintiff's complaint nor her response contains any factual allegation or evidence to support a finding that Defendants' alleged conduct is the type contemplated by § 1692d.  Plaintiff appears to claim that Defendants violated § 1692d merely by filing the state court lawsuit. Because the filing of a lawsuit is not within the scope of prohibited activities that § 1692d contemplates, Defendants are entitled to summary judgment on this claim. See also Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 330 (6th Cir. 2005) (holding that the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor).

As Defendants correctly point out, Plaintiff fails to state the specific subsections of §§ 1692e and 1692f that Defendants allegedly violated.  As for § 1692e, the court gives Plaintiff the benefit of the doubt (based on the allegations in the complaint and her response to the instant motion) that she intends to bring a claim under § 1692e(2)(A), which makes it a false, deceptive, or misleading

representation in connection with the collection of a debt for the debt collector to falsely represent the character, amount, or legal status of a debt.  Also, based on Plaintiff's response, the court deduces that the § 1692f "unconscionable conduct" of which Plaintiff complains is Defendants' filing of an allegedly time-barred lawsuit.  Plaintiff fails to allege any other statutory basis for relief.

In moving for summary judgment, Defendants offer evidence that their state court complaint contained no misrepresentation about the amount or character of the debt that Plaintiff allegedly owed Unifund.  Defendants submit the affidavit of Jeffrey Shaffer, Vice President of Legal Operations for Unifund, as well as a record of Plaintiff's account history. (Dkt. 13, Ex. 1) Undisputed is that Unifund acquired a debt owed by Plaintiff in the amount of $1,816.64 on February 25, 2005. (Shaffer Aff. ¶¶ 3, 4).  Defendants sued Plaintiff for this exact amount in the state court action. (Am. Compl. Ex. A).

Instead of submitting her own evidence to establish a genuine issue of fact as to these issues, Plaintiff merely states that Defendants' offered evidence is insufficient.  Plaintiff offers only conclusory statements that Defendants' evidence does not rise to the level of a "fact" (Dkt. 16 at 16-17).  Plaintiff also asserts that Defendants' evidence is inadmissible under the Federal Rules of Evidence but fails to cite any legal authority in support of her position.  Indeed, Plaintiff fails to even allege that the amount Defendants sued her for is disputed or that there is a triable issue as to whether Defendants made false representations about the amount owed.  Therefore, the court finds that the amount of Plaintiff's indebtedness to Unifund is undisputed.

Once a defendant makes a showing that no issue of material fact exists, the plaintiff must identify specific facts that raise a genuine issue for trial. Celotex, 477 U.S. at 325. Plaintiff fails to do so here; therefore, her claim fails to the extent that she depends on Defendants having

misrepresented that Plaintiff was indebted on the account at issue.

Plaintiff's claim that Defendants misrepresented the character of the debt similarly fails. Plaintiff offers not one iota of evidence to rebut Defendants' evidence that Unifund owned the debt and had a right to enforce it (Dkt. 13, Ex. 1). Likewise, Plaintiff points to no record evidence to demonstrate that Defendants made false and misleading statements about its ownership of the debt. Because no reasonable jury could find for Plaintiff on this issue, Defendants are entitled to summary judgment.

Finally, Plaintiff's claim that Defendants misrepresented the legal status of the debt is intertwined with (and is essentially the same as) her argument that Defendants sued her after the expiration of the statute of limitations.  The filing of a time-barred lawsuit may violate several subsections of § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." See Harvey, 453 F.3d at 332 (commenting in dicta that courts have held that the filing of a time-barred lawsuit violates several subsections of § 1692e); see also Deere v. Javitch, Block & Rathbone, LLP, 413 F. Supp. 2d 886, 890-91 (S.D. Ohio 2006).  A debtor's commencement of a lawsuit after the expiration of the statute of limitations may also violate § 1692f as unfair and unconscionable.  See Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) (finding that a debt collector's filing of a time-barred lawsuit is an unfair an unconscionable means of collecting the debt under § 1692f).

However, no record evidence exists to suggest that the state court lawsuit was barred by the statute of limitations.[4] Defendants present evidence that the last payment made by Plaintiff on her

---

[4] The court further notes that Plaintiff fails to even address the statute of limitations issue in her response.

account was on September 21, 2001 (Dkt. 13, Ex. 1). The state court lawsuit filed on August 16, 2006[5] advanced two claims: breach of contract and unjust enrichment. (Am. Compl. Ex. A). Florida law provides a five-year statute of limitations for contract actions founded on a written instrument. Fla. Stat. § 95.11(2)(b).  The statute of limitations begins to run "when the last element constituting the cause of action occurs."  Fla. Stat. § 95.031(1). Because the alleged breach occurred (at the earliest) on September 21, 2001 and Defendants filed the lawsuit on August 16, 2006, the lawsuit was timely filed within the five-year statutory period for advancing such claims.  Therefore, Plaintiff cannot maintain her claim that Defendants violated the FDCPA by bringing a lawsuit outside the statute of limitations and Defendants are entitled to summary judgment as a matter of law.

   B.   Count II: FCCPA

   Plaintiff's state law claim brought pursuant to the FCCPA alleges that Unifund violated Florida Statutes § 559.72(7) by filing the state court lawsuit against Plaintiff, and Section 559.552 through its violations of 15 U.S.C. §§ 1692d, 1692e, and 1692f.  Section 559.72(7) makes it unlawful for a person to

> [w]illfully communicate with the debtor or any member of her . . . family with such frequency as can reasonably be expected to harass the debtor or her . . . family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her . . . family.

Section 559.552 applies the federal FDCPA to consumer collection practices in Florida.

   Unifund makes several meritorious arguments. First, Unifund argues that its filing of a

---

[5] Plaintiff's complaint alleges that Defendants filed the state court lawsuit on August 16, 2007. (Am. Compl. ¶ 13) However, the court noticed the pretrial conference for September 18, 2006. (Am. Compl. Ex. 2)  Defendants voluntarily dismissed the case on May 7, 2007.  Accordingly, Plaintiff's statement that the lawsuit was filed on August 16, 2007 is inaccurate and the court accepts August 16, 2006 as the correct filing date.

lawsuit is not a "harassing communication" in violation of Section 559.72(7).   Unifund also contends that it has absolute immunity against Plaintiff's FCCPA claims under Florida's common law litigation privilege.   Florida law provides complete judicial immunity "to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 384 (Fla. 2007). The litigation privilege applies not only to common-law causes of action but those initiated pursuant to statute, including the FCCPA.  Id.  Unifund submits that because Plaintiff's FCCPA claims arise solely from Unifund's filing of the state court lawsuit, which necessarily occurred during a judicial proceeding and is related to such proceeding, Unifund's conduct falls squarely within the litigation privilege (Dkt. 13 at 13).

The court agrees.  In her response, Plaintiff all but concedes that her FCCPA claims are barred by the litigation privilege (Dkt. 16 at 3-8).  Instead of identifying genuine issues of material fact as to whether the lawsuit constituted "harassing communication" or whether the litigation privilege applies, Plaintiff spends substantial resources arguing that the court should not apply the Echevarria decision which clarified that the litigation privilege applies to statutory causes of action. Instead of attaching evidence to her response, Plaintiff attaches the Echevarria appellate briefs and argues that the court should review them in conjunction with a 2000 Florida Fifth District Court of Appeal decision which considered a narrow issue of the interplay between the FDCPA and FCCPA in the context of Florida's offer of judgment statute.  Plaintiff's argument is unpersuasive.

The court finds that Plaintiff's claims under the FCCPA are premised on conduct that falls within Florida's broad litigation privilege.   Accordingly, Defendants are entitled to summary judgment on Count II.

C.      Count III: Conspiracy

Having determined that Defendants are entitled to summary judgment on Counts I and II of

Plaintiff's complaint, Plaintiff's conspiracy claim also fails as a matter of law.  "To state a claim for

civil conspiracy under Florida law, a plaintiff must allege: (1) an agreement between two or more

people to achieve an illegal objective, (2) an overt act in furtherance of the conspiracy, and (3)

injury." Rindley v. Gallagher, 890 F. Supp. 1540, 1557 (S.D. Fla. 1995); accord Bivens Gardens

Office Bldg., Inc. v. Barnett Banks of Fla., Inc., 140 F.3d 898, 912 (11th Cir. 1998) ("[a]n action for

civil conspiracy ordinarily requires proof of an agreement between two or more people to achieve

an illegal objective, an overt act in furtherance of that illegal objective, and a resulting injury to the

Plaintiff").  "Further, the gist of a civil action for conspiracy is not the conspiracy itself but the civil

wrong which is alleged to have been done pursuant to the conspiracy." Cole v. Lobello Painting,

Inc., No. 8:06-CV-2171-T-27MSS, 2007 WL 2330860, *4 (M.D. Fla. Aug. 14, 2007) (internal

quotation marks and citations omitted).

    As discussed supra, nothing in the record supports an inference that Defendants committed

(or agreed to commit) a violation of the FDCPA or the FCCPA in bringing the state court lawsuit

against Plaintiff. Defendants' alleged violations of the FDCPA and the FCCPA served as the basis

for Plaintiff's conspiracy claim. See Am. Compl. ¶ 27 ("Defendants . . . conspire[d] and agree[d] .

. . [to] collect an alleged consumer debt, where eventual violations of the provisions of the FDCPA

and FCCPA . . . were either known or reasonably foreseeable.").  Without evidence of some

unlawful agreement, an overt act, and injury, Defendants are entitled to summary judgment on Count

III.

**IV.     Conclusion**

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Defendants Pollack & Rosen, P.A. and Jonathan Singer's Motion to Dismiss Plaintiff's

Amended Complaint or, In the Alternative, Motion for Summary Judgment (Dkt. 12) be

**GRANTED**;

(2)     Defendants', Unifund, CCRF and ZB, Motion to Dismiss Plaintiff's Amended Complaint

or, In the Alternative, Motion for Summary Judgment (Dkt. 13) be **GRANTED**; and

(3)     the Clerk be directed to close this case.

**Date:  February 22, 2008**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of this service shall bar an aggrieved party from

attacking the factual findings on appeal and a de novo determination by a District Judge.  See 28

U.S.C. §636(b)(1).

Copies to:
Counsel of Record
District Court Judge

12